CAMPBELL, Acting Chief Judge.
In this appeal from the entry of a partial summary judgment, appellants argue that genuine issues of material fact precluded the entry of summary judgment. We agree as to the civil theft count, and reverse the partial summary judgment as to that count. Otherwise, we affirm.
Appellants, Holland and Van-Eng Properties (seller) held a parcel of residential real estate in Venice, Florida. At the time seller originally purchased the property, it assumed the mortgage of Raymond Dean, the original mortgagor. Under that first mortgage, seller, as the new mortgagor, was obligated to pay Midfirst Bank (Bank) all mortgage payments and to maintain hazard insurance on the property. Failure to do so would result in acceleration of the note.
When seller sold the real estate to ap-pellees, Jerry and Catherine McCullen (buyers), in August 1994, buyers gave seller a purchase money second wraparound mortgage. Under the second mortgage, seller agreed to continue to make payments on the first mortgage, and buyers agreed to pay seller on the second mortgage. Buyers agreed under this second mortgage to comply with all terms and conditions of the first mortgage except for the payment of principal and interest. Buyers also specifically agreed to the following term:
And the Mortgagor [Buyers] hereby further covenants and agrees to pay promptly when due the principal' and interest in addition to l/12th of the Real Estate Taxes and Hazard Insurance monthly, and other sums of money provided for in said note and this mortgage, or either; to pay all and singular the taxes, assessments, levies, liabilities, obligations, and encumbrances of every nature on said property; to permit, commit or suffer no waste, impairment or deterioration of said land or the improvements thereon at any time; to keep the buildings now or hereafter on said land fully insured in a sum of not less than the properties full insurable value' or the amount of this mortgage .... In the event the Mortgagor fails to pay when due any tax, assessments, insurance premium or other sum of money payable by virtue of said note and this mortgage, or either, the Mortgagee may pay the same, without [illegible] or affecting" the option to foreclose.
In November 1996, Bank informed seller that it had increased the amount of the monthly payment due Bank by $233.00, which represented the cost to Bank to insure the property. Bank had obtained insurance for the two-year period from January 5, 1996 through January 5, 1998. When seller tendered the January 1997 mortgage payment, Bank refused it, claiming that seller owed Bank the total cost of insuring the property for that two-year term. Bank also rejected seller’s February and March 1997 payments.
Because seller did not tell buyers that Bank had refused seller’s payments for January, February, and March 1997, buyers continued to make payments. They *812 stopped in April 1997, when they received notice of the Bank’s foreclosure action.
On April 2, 1997, Bank filed a complaint against buyers and seller to foreclose the first mortgage. Bank alleged that buyers defaulted by failing to pay the installment due November 1, 1996, and all subsequent payments. The failure to maintain insurance on the property had caused Bank to accelerate the note and declare it to be in default. Buyers filed a three-count cross-claim against seller, alleging breach of contract, requesting indemnification, and requesting damages for civil theft. The parties subsequently stipulated to the mortgage foreclosure, leaving only the crossclaim to be resolved. On October 21, 1999, the trial court approved the stipulation.
At the hearing on the crossclaim, seller argued that Bank had foreclosed prematurely and that, although seller had agreed to the foreclosure, it did not admit to any of the allegations in the complaint. Further, although the above-quoted provision required buyers to pay l/12th of the insurance premium to seller monthly, seller argued that buyers were obligated to inquire of seller to be sure the property remained insured. As the trial court put it: “They (buyers) paid the money, but they didn’t make sure that your client (seller) kept the insurance.” The trial court entered partial summary judgment in favor of buyers on all three counts of the crossclaim.
On appeal, seller contends that genuine issues of material fact precluded entry of summary judgment. The cross-claim contained three counts: (1) breach of contract; (2) indemnification; and (3) civil theft. The first count, for breach of contract, alleged that seller had breached the contract by failing to make the agreed payments on the first mortgage, resulting in default. There were no genuine issues of material fact concerning this count because seller had stipulated to the mortgage foreclosure. By doing so, seller admitted that it had breached the first mortgage by defaulting on the payments. Although seller argues that it did not agree to the allegations contained in the foreclosure complaint, seller cannot have it both ways. It cannot agree to the foreclosure and then not admit to any of the foreclosure allegations.
Similarly, there were no genuine issues of material fact concerning buyers’ right to indemnification. The second mortgage provided that in the event of default of the first mortgage due to failure to make payments or interest, seller would indemnify buyers against any loss, cost or expense, including reasonable attorney fees, at trial or on appeal. Because the stipulated mortgage foreclosure determined that the first mortgage was defaulted due to failure to pay, there was no genuine issue of material fact concerning the indemnification count.
However, we believe that there is a genuine issue of material fact on the civil theft count. In order to prove civil theft, the movant must prove by clear and convincing evidence that the defendant acted with intent. Section 812.014, Florida Statutes (1997), provides:
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) Deprive the other person of a right to the property or a benefit from the property, (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
§ 812.014(1)(a)(b), Fla. Stat. (1997).
Because seller, in fact, tendered buyers’ payment to Bank, and Bank rejected it, the issue of seller’s intent to wrongfully deprive buyers of their money remains a genuine issue of material fact. In view of this evidence, it was error to determine on a motion for summary judgment that seller had the intent to deprive buyers of their money or to appropriate their money to its purposes. Accordingly, while *813 Because seller, in fact, tendered buyers’ payment to Bank, and Bank rejected it, the issue of seller’s intent to wrongfully deprive buyers of their money remains a genuine issue of material fact. In view of this evidence, it was error to determine on a motion for summary judgment that seller had the intent to deprive buyers of their money or to appropriate their money to its purposes. Accordingly, while
Affirmed in part; reversed in part.
PARKER and SALCINES, JJ., Concur.